UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA LENIHAN,<br>   Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner<br>Social Security Administration,<br>   Defendant. | )<br>)<br>)<br>) CIVIL ACTION<br>) No. 11-40227-TSH<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF DECISION ON THE MOTION TO REVERSE THE DECISION
OF THE COMMISSIONER OF SOCIAL SECURITY AND DEFENDANT'S MOTION
TO AFFIRM THE COMMISSIONER'S DECISION**

**September, 30 2013**

**HILLMAN, D.J.**

### Nature of the Case

This is an action for judicial review of a final decision made by the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff, Lisa Lenihan's claim for Social Security Disability Insurance Benefits ("SSDI").

### Procedural History

On January 4, 2007, Plaintiff completed an application for SSDI alleging that she had been disabled since September 1, 2004, due to fibromyalgia and depression. (*Tr.,* at 54, 91).[1] On May 9, 2007 Plaintiff's claim was denied by the Social Security Administration. (*Id.,* at 54). On May 19, 2008, the Federal Reviewing Official decided that Plaintiff had not met her burden of proving she had a severe impairment and affirmed the decision to deny her SSDI benefits. (*Id.,* at 46).

---

[1] A transcript of the official record has been filed with this court. (Docket No. 7). ("*Tr.*")

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.,* at 10). After hearing testimony from Plaintiff and a vocational expert, ALJ Masengill made the following findings: (1) Plaintiff had several severe impairments--including fibromyaligia, neuropathy, and asthma; (2) despite these impairments, Plaintiff had sufficient residual functioning capacity ("RFC") to perform limited types of light work; and (3) that this type of work existed in substantial numbers in the national economy based on her age, education, and work experience. (*Id.,* at 12-13, 17). Based on these findings, ALJ Masengill found that Plaintiff was not disabled within the meaning of the Social Security Act ("SSA"). (*Id.,* at 17).

ALJ Masengill's decision was upheld by the Decision Review Board on March 31, 2009. (*Id.,* at 1-3). On May 30, 2009, Plaintiff filed a complaint with this Court seeking judicial review of the Commissioner's final decision. (*Id.,* at 335). The Court remanded the case back to the Commissioner for further development of medical, vocational, and other evidence in order to determine Plaintiff's restrictions and capability to perform work. (*Id.,* at 333). The Court also ordered that Plaintiff be granted a new hearing before the ALJ with updated medical evidence and the appearance of a vocational expert. (*Id.*).

On July 26, 2011, ALJ Masengill issued his decision, again finding that Plaintiff was not disabled within the meaning of the SSA because she was capable of performing work that existed in significant numbers in the national economy. (*Id.,* at 293). Plaintiff has exhausted her administrative remedies and now asks this Court to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and reverse or remand the decision.

**Facts**

*Occupational History*

Plaintiff currently resides in Worcester, Massachusetts with her husband and their son. (*Id.,* at 24). Plaintiff completed the eleventh grade in school and does not possess a GED. (*Id.,* at 23). Plaintiff was employed as an office coordinator from 1990 to 2003 at a home care office. (*Id.,* at 25, 166). Her duties included supervising workers, scheduling, and billing and payroll matters. (*Id.,* at 166). Plaintiff has not been employed since September 1, 2004. (*Id.,* at 25).

*Medical History*

On November 24, 2006, Plaintiff visited Dr. Jenine Grier at the Fallon clinic with complaints of parethesias, joint and neck pain, and stiffness. (*Id.,* at 197). Plaintiff indicated that these symptoms had begun to develop over the course of the previous year. (*Id.*). Plaintiff also noted a history of back pain likely stemming from a motor vehicle accident in the 1980s. (*Id.*). Dr. Grier noted that Plaintiff's strength was normal and her range of motion was "excellent" except for in her neck, where there was "pain limiting side to side as well as flexion, extension and rotation." (*Id.,* at 200). Plaintiff's gait was also normal. (*Id.*). Dr. Grier ordered a neuropathy panel to determine the cause of Plaintiff's parenthesias. (*Id.*).

On December 22, 2006, Plaintiff was diagnosed with fibromyalgia by Dr. John Hosey at the Fallon Clinic. (*Id.,* at 185). Dr. Hosey discussed the possible use of a tricyclic and other over the counter medications that Plaintiff could use for pain management. (*Id.,* at 186-87).

Plaintiff sought a second opinion. A Dr. Levengood diagnosed Plaintiff with fibromyalgia and chronic pain syndrome. (*Id.,* at 491). Dr. Levengood recommended Vitamin D 1000 IU QD, weight loss, daily aerobic conditioning, restorative exercise, meditation, and a potential sleep evaluation to investigate possible apnea. (*Id.*).

*Plaintiff's Daily Activities*

Plaintiff has reported that on a daily basis she was able to feed her son, drive him to and from school, and help him with homework. (*Id.,* at 123-24). She has also reported that she is a "fanatic cleaner," but that she needed help lifting laundry baskets. (*Id.,* at 125, 235). Plaintiff is able to engage in stretching, exercises, and light walking. (*Id.,* at 235). Plaintiff has also stated that she can sit comfortably for 25 minutes at time, stand comfortably for 15 minutes, and walk for 15 minutes. (*Id.,* at 313-14, 320).

## Standard of Review

The SSA establishes the standard for judicial review of Social Security cases. *See* 42 U.S.C. § 405(g). The Act provides that "the findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." *See* 42 U.S.C. § 405(g). Thus, on review courts are limited to determining (1) whether the Commissioner's findings are supported by "substantial evidence" and (2) whether the Commissioner applied the correct legal standards in rendering his decision. *See, e.g.*, *Richardson v. Perales*, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971); *Manso-Pizzaro v. Sec'y of Heath & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996); *Irlanda Ortiz v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1991). The Commissioner's decision is supported by "substantial evidence" if reasonable mind, upon reviewing the evidence in the record as a whole, *could* adopt it as support for the Commissioner's conclusion. *See Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1987) (emphasis added); *see also Evangelista v. Sec'y of Health & Human Servs.*, 826 F.2d 136, 144 (1st Cir. 1987) (noting that courts must affirm the Commissioner's findings if it is supported by substantial evidence, even if the evidence could also reasonably support another conclusion).

With this standard in mind, the Court must consider (1) whether the evidence contained in the record as a whole can reasonably support ALJ Masengill's factual findings, and (2) whether ALJ Masengill applied the correct legal standard in concluding that Plaintiff is not disabled.

## Discussion

Plaintiff does not contend that ALJ Masengill applied an incorrect legal standard in concluding that she is not disabled. Instead, she seeks a reversal or remand of the Commissioner's decision on the ground that ALJ Masengill's factual findings are not supported by "substantial evidence." *See Pl.'s Mem. Supp. Mot. Reverse,* at 9. Plaintiff makes two arguments in support of this contention. First, Plaintiff argues that ALJ Masengill impermissibly rendered a lay medical opinion by rejecting her doctor's diagnosis of fibromyalgia. *See Pl.'s Mem. Supp. Mot. Reverse,* at 9. Second, Plaintiff argues that ALJ Masengill failed to adequately support his findings as to the credibility of Plaintiff's claims about the limiting effects of her symptoms. *See Pl.'s Mem. Supp. Mot. Reverse,* at 12.

### *Impermissible Medical Opinion*

Plaintiff contends that ALJ Masengill rejected her doctor's diagnosis of fibromyalgia. *See Pl.'s Mem. Supp. Mot. Reverse,* at 9. If this were the case, it would be difficult for this Court to find that ALJ Masengill's factual findings were reasonably supported by the evidence. *See Nguyen v. Chater*, 812 F.3d 31, 35 (1st Cir. 1999) (holding that an ALJ is not at liberty to ignore medical evidence or substitute his own views for an uncontroverted medical opinion). But the record clearly indicates that ALJ Masengill *did not* reject or ignore Plaintiff's fibromyalgia. ALJ Masengill expressly stated that "[t]he claimant had the following sever impairments: *fibromyalgia*, paresthesias, obesity, asthma, depression," and that he "*does accept* the diagnosis

5

of fibromyalgia." *See Tr.* at 285, 291 (emphasis added). Further, ALJ Masengill considered Plaintiff's diagnosis of fibromyalgia and the attending symptoms when considering her RFC. For example, ALJ Masengill found that Plaintiff's RFC is such that any possible work could not involve operation of foot and leg controls because her fibromyalgia causes numbness in her extremities. *See Tr.* at 290; *see also Tr.* at 291 ("[t]he increased frustration over the pain of [Plaintiff's] fibromyalgia and undiagnosed paresthesias has a detrimental effect on her psyche"). Plaintiff's claim that ALJ Masengill ignored an uncontroverted medical diagnosis is simply not supported by the record, and thus is not sufficient grounds for the Court to reverse or remand this matter.

*Unsupported Credibility Findings*

ALJ Masengill found that no objective medical evidence supported Plaintiff's claims about the extent to which her symptoms limited her RFC. (*See Tr.,* at 290). ALJ Masengill further found that the evidence presented contradicts Plaintiff's statements about the limits on her RFC. (*See Tr.,* at 290). Plaintiff asserts that these credibility findings are not supported by substantial evidence. *See Pl.'s Mem. Supp. Mot. Reverse,* at 11. In support, she argues that ALJ Masengill failed to adequately consider the entire record, instead focusing on an artificially narrow range of facts. *See Pl.'s Mem. Supp. Mot. Reverse,* at 11-13.

If a claimant's statements about the limits on his or her functioning are unsupported by objective medical evidence, the ALJ must make a finding on the credibility of the claimant's statements. *See* 20 C.F.R. 404.1529(c)(4); *see also Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individuals Statements*, S.S.R. 96-7p (S.S.A.), 1996 WL 374186 * 1 ("[i]n determining an individual's credibility, the adjudicator must consider the entire case record, including . . . an individual's own statements . . . and any other relevant evidence");

1996 WL 374186 at 2 ("[t]he determination or decision must contain specific reasons for the finding on credibility, supported by evidence in the case record"). An ALJ's reasons for a credibility finding are entitled to deference when they are supported by specific evidence in the case record. *See, e.g.*, *Frustaglia v. Sec'y of Health & Human Servs.*, 829 F.2d 192, 195 (1st Cir. 1987); *DaRosa v. Sec'y of Health & Human Servs.*, 803 F.2d 24, 26 (1st Cir. 1986).

In this case, ALJ Masengill's reasons for disregarding Plaintiff's statements about the extent to which her symptoms impair her functioning are supported by specific evidence. ALJ Masengill offered numerous pieces of evidence tending to contradict Plaintiff's claims about the extent of her impairment. For example, ALJ Masengill noted that in her capacity as a "stay at home mom," Plaintiff engaged in many activities, including driving her son to school and sports games and cleaning the home. (*See Tr.*, at 290). ALJ Masengill also noted that Plaintiff regularly attended church and school meetings, indicating that she was able to drive, walk to and from the car, and interact with others. *See id.*

Because ALJ Masengill's credibility finding is supported by specific factual evidence, it is entitled to deference. *See Frustaglia*, 829 F.2d at 195; *DaRosa*, 803 F.2d at 26. Plaintiff notes that ALJ Masengill ignored some of her other factual statements made at the 2008 hearing, including Plaintiff's contention that she could not cook for her family for a period of three years. *See Pl.'s Mem. Supp. Mot. Reverse,* at 12. Nevertheless, a reasonable mind could adopt ALJ Masengill's credibility determination based on the evidence presented. A reasonable person could conclude that an individual who can take care of a five year old child, clean her home, do laundry, and regularly attend church and school meetings can reasonably be expected to perform the limited type of light work outlined in the ALJ's determination of Plaintiff's residual functioning capacity. The fact that the evidence could possibly lead to an alternative conclusion

is not sufficient to warrant reversal.  *See Evangelista*, 826 F.2d at 144; *see also Rodriguez Pagan v. Sec'y of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) citing *Lizotte v. Sec'y of Health & Human Servs.*, 654 F.2d 127, 128 (1st Cir. 1981) (noting that resolution of conflicts in the evidence is for the Social Security Administration, and that courts must affirm the administrations conclusions even if the record could arguably support an alternative conclusion).

Because a reasonable person could examine the evidence and agree with ALJ Masengill's credibility findings, these findings are supported by "substantial evidence."  *See Evangelista*, 826 F.2d at 144.  Consequently, reversal or remand of this matter would be inappropriate.  *See* 42 U.S.C. § 405(g) (providing that findings of Commissioner are conclusive when supported by substantial evidence); *Rodriguez*, 647 F.2d at 222 (noting that reversal is inappropriate when findings of Commissioner are supported by substantial evidence).

## Conclusion

For the foregoing reasons the Plaintiff's Motion to Reverse the Decision of the Commissioner of Social Security (Docket No. 10) is ***denied***, and the Defendant's Motion to Affirm the Commissioner's Decision (Docket No. 12) is ***granted***.

**/s/  Timothy S. Hillman**
TIMOTHY S. HILLMAN
DISTRICT JUDGE